IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFF LAMONT,<br><br>Plaintiff,<br><br>v.<br><br>KENCO ENGINEERING, INC.,<br>d/b/a KENCO WEAR PARTS, INC.,<br><br>Defendant. | Civil Action No. 23-1680 |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Cliff Lamont's Motion for Leave to File Amended Complaint, (Docket No. 18), wherein he asks that the Court grant him leave to file his proposed Amended Complaint dropping his claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq. and Pennsylvania Minimum Wage Act, ("MWA"), 43 P.S. § 333.101, et seq., and setting forth alternative state law causes of action under the Pennsylvania Wage Payment and Collection Law, ("WPCL"), breach of contract and unjust enrichment, all of which seek to recover alleged unpaid commissions in an amount of $15,000. (Docket No. 18-2). As to the WPCL claim, Plaintiff also asserts that he is entitled to liquidated damages in an amount of 25% of the unpaid commissions (i.e., $3,750) as well as reasonable attorney's fees and costs which is not quantified. (Docket No. 18-2). For the following reasons, Plaintiff's Motion (Docket No. 18) will be granted and this matter will be remanded to the Court of Common Pleas of Westmoreland County, forthwith.

1

At the outset, Plaintiff's Motion seeking leave to amend is timely filed in advance of the case management conference which was previously scheduled for October 26, 2023. The Court's Rule 12(b) Order provides, in pertinent part, that "the parties shall endeavor not to oppose motions to amend the pleadings that are filed prior to the initial Case Management Conference" and the Court sees no basis for the defense to object to the proposed pleading. (*See* Docket No. 5 at 2). As such, the Court will exercise its discretion to permit Plaintiff to amend his Complaint and the proposed amended complaint attached to his motion is deemed filed. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Since Plaintiff's only federal claim has been dismissed, the Court must next determine whether it should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As this Court has held previously,

> Section 1367(c)(3) "permits a district court to decline the exercise of supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)). "Congress explicitly green-lighted" the dismissal of state law claims in such situations. *Kach*, 589 F.3d at 650. With that said, "[t]he decision to retain or decline jurisdiction over state-law claims is discretionary" and "'should be based on considerations of judicial economy, convenience and fairness to the litigants.'" *Id*. at 650 (quoting *New Rock Assets Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996)) (further citations omitted).

*Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2022 WL 17488019, at *8 (W.D. Pa. Dec. 7, 2022). "[I]n a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

2

The Court recognizes that Defendant stated in the Notice of Removal that this action was being removed on the alternative basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.  (Docket No. 1 at ¶¶ 20-33).   However, since a federal claim under the FLSA was also present at the time of Defendant's removal, the Court did not need to address those allegations but must do so now.

"A District Court has subject matter jurisdiction under 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and the parties are 'citizens of different States.'" *O'Connell v. New Jersey Tpk. Auth.*, 649 F. App'x. 280, 283 (3d Cir. 2016) (quoting 28 U.S.C. § 1332(a)(1)).   While the Court agrees that the parties are completely diverse based on Plaintiff's allegations demonstrating that he is a Pennsylvania citizen and Defendant is a California citizen, the pleadings did not establish that the amount in controversy exceeded $75,000. (Docket No. 18-1).   Defendant conceded that the amount of damages available for the WPCL claim would be $18,750 and broadly asserted, without any supporting authority, that "[i]n today's legal market, the attorneys' fees that Plaintiff will incur in connection with the action will far exceed $56,500." (Docket No. 1 at ¶ 32).  Stated differently, Defendant contends that Plaintiff's attorney's fees would exceed more than three times the amount of compensatory and statutory damages which are available in this case. (*Id*.).

However, "[t]he assessment of whether the amount in controversy is present in any given situation 'should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.'" *Miller v. Washington Trotting Ass'n, LLC*, No. CV 17-231, 2017 WL 1179013, at *7 (W.D. Pa. Mar. 30, 2017) (internal quotation omitted); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392,

3

396 (3d Cir. 2004) (same). The WPCL "'only mandates an award of reasonable attorneys' fees. Courts retain discretion to determine the amount of the fees owed.'" *Miller*, 2017 WL 1179013, at \*7 (quoting *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 206, n.6 (Pa. 1997)). "[A]n attorney fees award of approximately 30 percent is considered reasonable in the Third Circuit." *Lingo v. BHI Energy Power Servs.*, No. CV 3:22-1275, 2022 WL 17627815, at \*4 (M.D. Pa. Dec. 13, 2022) (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)). Many courts, including this one, have determined that claims seeking the recovery of attorney's fees which represent several multiples of the available damages do not suffice to demonstrate that the amount in controversy has been established. *See e.g., Miller*, 2017 WL 1179013, at \*7 (rejecting claim that attorney's fees for WMA claim exceeded $75,000 for single plaintiff claiming unspecified amount of lost wages for tips that weren't shared plus liquidated damages); *Lingo*, 2022 WL 17627815, at \*4 (rejecting defense arguments as unrealistic that attorneys' fees for bringing a WPCL claim worth $5,512.50 could bring the "case past the $75,000 mark."); *Cf. Kennedy v. State Farm Fire & Cas. Co.*, No. CV 22-571, 2022 WL 1291428, at \*2 (W.D. Pa. Apr. 29, 2022) (listing insurance cases which were dismissed/remanded because the allegations were insufficient to establish that the existence of a bad faith claim bridged the gap between insurance policies ranging from $10,000 to $22,500 and the jurisdictional threshold of $75,000). The same is true here as the record simply does not support the defense's bare assertion that an award of attorney's fees of $56,500 would be appropriate to prosecute a WPCL claim Plaintiff pleads is worth, at most, $18,750. *See id*. Since this Court does not have subject matter jurisdiction over Plaintiff's state law claims and there are no other factors present which would compel it to maintain jurisdiction over this straightforward state law action, it will exercise its discretion to remand this

matter to the Court of Common Pleas of Westmoreland County.   *See* 28 U.S.C. §§ 1367(c)(3) and 1447(c).

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Motion [18] is GRANTED and the proposed Amended Complaint (Docket No. 18-2) is deemed filed;

IT IS FURTHER ORDERED that the initial case management conference previously set for October 26, 2023 is CANCELLED; and,

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands this matter to the Court of Common Pleas of Westmoreland County, forthwith, pursuant to 28 U.S.C. § 1447(c); and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED and shall serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Westmoreland County, forthwith.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 24, 2023

cc/ecf: Counsel of record

    Prothonotary, Court of Common Pleas of Westmoreland County